UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

February 5, 2020

LETTER TO COUNSEL

      RE:    *Janette G. v. Commissioner, Social Security Administration*
              Civil No. DLB-18-757

Dear Counsel:

      Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before the Court. ECF 22. In response, the Commissioner asked the Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee. ECF 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED in part.

      On February 7, 2019, this Court awarded Mr. Murahari $2,924.62 for 14.5 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 19-7, 21. Plaintiff subsequently received an Award Notice, in which she was awarded $90,966.50 in past due benefits. ECF 22-2. On November 27, 2019, Mr. Murahari filed a Line seeking $22,741.63 in attorney's fees. ECF 22. No EAJA fee reimbursement is warranted because Mr. Murahari did not receive any payment from the EAJA award. *See* ECF 22-3 (collection notice applying the entire EAJA fee award to Plaintiff's federal debts); *Astrue v. Ratliff*, 560 U.S. 586, 588 (2010); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Murahari and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which she might become entitled. ECF 19-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted an itemized report documenting 14.50 chargeable hours he expended before this Court in Plaintiff's two cases. *See* ECF 19-7 (listing a total of 16.30 hours, 1.80 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,568.39 per hour. Mr. Murahari must therefore show that an effective rate of $1,568.39 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Murahari's typical hourly billing rate is $300.00.[1] ECF 19-6 ¶ 6. This is the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Murahari's requested effective hourly rate of $1,568.39 is over five times his typical hourly rate and exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals, including attorneys with more experience. *See, e.g., Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 U.S. Dist. LEXIS 92832 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with effective hourly rate of $1,043.92); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160, 2016 U.S. Dist. LEXIS 186022 (D. Md. July 7, 2016) (approving contingency fee agreement with effective hourly rate of $1,028.14). Hourly rates exceeding $1,000 are the exception, not the rule. The Court acknowledges Mr. Murahari's effective performance and the substantial past-due benefit award to his client, buts find that his request for $22,741.63 in fees for 14.5 hours of work would result in a windfall. Instead, the Court determines that an award of $14,500.00, amounting to an effective hourly rate of $1,000.00—more than triple the top hourly rate for an attorney of Mr. Murahari's experience, would adequately compensate Mr. Murahari for the time that he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with effective hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS IN PART Mr. Murahari's motion seeking attorney's fees, ECF 29. This Court will award Mr. Murahari attorney's fees totaling $14,500.00.

---

[1] The Court notes that Mr. Murahari's affidavit states that his typical hourly billing rate is $250.00 and that he has over thirty years of experience. ECF 19-6 ¶¶ 5-6. This appears to be an error. In previously filed affidavits, Mr. Murahari has stated that his typical hourly billing rate is $300.00 and that he has been practicing since June 2011. *See, e.g.*, Civil No. SAG-18-610, ECF 19-6 ¶ 6 (filed Feb. 1, 2019).

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2018). Currently, Mr. Murahari has just over eight years of experience, ECF 22-6, and the presumptively reasonable hourly rate for attorneys admitted to the bar for five to eight years is between $165.00 and $300.00, Loc. R. App. B (D. Md. 2018).

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge